# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Davis,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Government, Joe Biden, Andrew Cuomo (and all mayor in every state not mentioned), FBI, CIA (and all local law enforcement agencies not mentioned),<br><br>　　　　　Defendants. | Case No. 21-cv-0599 (DWF/HB)<br><br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　　This matter is before the undersigned United States Magistrate Judge on Plaintiff Robert Davis's application for leave to proceed *in forma pauperis* (IFP), pursuant to 28 U.S.C. § 1915(a)(1). [ECF No. 2.] The underlying complaint contains vague allegations that various defendants have impaired Plaintiff's ability to practice his religion and that Defendants have somehow stalked and prevented him and his children from living free lives. (*See generally* Compl. [ECF No. 1].) Plaintiff basis his claims on the First, Eighth, and Eighteenth Amendments. (*Id.* at 3.)

　　　Typically, the Court considers the IFP application before any other action may be taken. However, where a complaint contains obvious defects, the Court may review the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). This case has two obvious defects: Plaintiff has failed to state a claim against any defendant and, even if

1

that were not the case, the District of Minnesota is not a proper venue for the suit. Therefore, the Court recommends that this case be dismissed without prejudice.

Plaintiff's claims are difficult to follow. He begins by alleging that

> [t]hrough State liability of federal employee, as well as the federal and local law enforcement agencies, as well as organizations (not mentioned) the United States (Joe Biden) Government have and continues [to] persecute me, because of my religion. Therefore, using local and federal agencies to deprive me of my rights to life and privacy.

(Compl. at 4.) Plaintiff goes on to claim that he has been prevented from entering mosques and was stalked by gang members and via digital monitoring of his communications. (*Id.*) He alleges that as a result, he has been harassed and denied "housing, jobs, help, etc." (*Id.*) He adds that his children have also been deprived of the basic rights of life and liberty. (*Id.*) On his civil cover sheet, Plaintiff checked boxes describing the nature of his suit as regarding "federal employers' liability," "personal injury," "other civil rights," and "mandamus & other." [ECF No. 1-1 at 1.] Other than his cover sheet and his bare assertion that he relies on the First, Eighth, and Eighteenth[1] Amendments, Plaintiff does not explain what legal principles he relies upon to bring his case in federal court.

This Court will construe Plaintiff's case broadly, consistent with other cases of a similar nature, which are typically brought under 42 U.S.C. § 1983 or the equivalent for federal actors, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

---

[1] The Eighteenth Amendment—establishing the prohibition of the sale of alcohol in the United States—was repealed by the passage of the Twenty-First Amendment. U.S. Const. amend. XXI § 1. Reliance on this amendment does not state a valid claim.

2

U.S. 388 (1971). Both § 1983 and *Bivens* are vehicles for civil litigants to bring constitutional claims against government employees acting under the guise of their authority. To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff may intend to do here, a complaint must allege a set of historical facts showing that the named defendants violated the plaintiff's federal constitutional rights while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a defendant's liability in a civil rights action, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim"). The same is true for a claim against a federal actor under *Bivens*. Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff has not identified the specific wrongdoing of any named person. The most specific statement he makes about the two individuals he names—Joe Biden and Andrew Cuomo—is that "The United States (Joe Biden) Government have and continues [to] persecute me because of my religion." (Compl. at 4.) This is not specific enough to state a valid claim because it does not explain what personal actions President Biden has taken to harm Plaintiff. The Complaint also does not mention Governor Cuomo by name, so any potential claim against him likewise fails because it was not made clearly. The Court recommends dismissal for failure to state a claim as to these named individuals.

Additionally, Plaintiff fails to state a claim against the FBI and CIA. A litigant may bring claims for monetary damages based on alleged constitutional violations by federal officials, but such claims must be brought directly against those individual officials, not the government or government agency generally. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994). Similarly, a litigant may, notwithstanding sovereign immunity, bring claims sounding in state-law tort causes of action against the United States government pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80— but such claims must be brought against the United States (and only after exhaustion of administrative remedies), not against an agency. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam).

Plaintiff does not specifically discuss the FBI or CIA in his factual allegations, but he generally writes that the government agencies are depriving him of his rights to life and privacy by, for example, "[l]iterally and blatantly using gang member informants for the purpose of 'gang stalking,' and stopping me from praying, as well as the purpose to destroy the lives of my children." (Compl. at 4.) Like other portions of the Complaint, these allegations are too generic to state a claim because Plaintiff does not associate the allegations with any actions taken by the government or identifiable government actors. Plaintiff cannot use assertions like these to state a claim against an agency such as the CIA or FBI because those agencies are not subject to suit under *Bivens*. Additionally, to the extent he wishes to bring a suit against the United States government under the FTCA, he cannot do so here because these allegations do not amount to a tort claim, nor does he explain how he has exhausted any potential tort claim with the government. As a

whole, the Complaint lacks the requisite level of detail necessary to state a claim, and it does not state valid claims against the named defendants.

Even if Plaintiff had stated a claim, however, the Court suspects that this case may have been filed in the incorrect venue. A civil action may only be brought in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may be otherwise brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When asked about the basis for venue in the District of Minnesota, Plaintiff checked the "Other" box, then wrote "Local, and Federal Law Enforcement in Minnesota, New York, Seattle, Washington, D.C. and every other state not mentioned." (Compl. at 3.) This bare allegation does not make it clear what claim, if any, Plaintiff has that arose out of events occurring in Minnesota or is laid against law enforcement officials who reside in Minnesota.

Under § 1392(b)(1), venue is appropriate if Plaintiff makes a claim against a defendant that resides in this District. With no such claim, provision (1) is not a valid basis for venue. Section 1392(b)(2) provides that venue is appropriate in a judicial district where a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Plaintiff gives no detail about events in this District beyond his bare reference to "local and federal law

5

enforcement in Minnesota," among other places, so he cannot rely on this provision.[2] Finally, provision (b)(3) provides that venue is appropriate in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. But as before, there is no valid claim against any defendant in this District on the face of the pleading, so § 1392(b)(3) does not apply.

Under 28 U.S.C. § 1406(a), this matter must be dismissed or, if it is in the interest of justice, transferred to the proper district or division. The Court recommends dismissal of this case. The allegations would be equally infirm for all of Plaintiff's proposed venues.

Accordingly, based on the filings herein, **IT IS RECOMMENDED THAT**:

1. The case be **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of venue under 28 U.S.C. § 1391(b), and that transfer be declined because the interests of justice do not support it as contemplated by 28 U.S.C. § 1406(a).

2. The application to proceed *in forma pauperis* [ECF No. 2] be **DENIED** as moot.

Dated: March 17, 2021              *s/ Hildy Bowbeer*
                                   Hildy Bowbeer
                                   United States Magistrate Judge

---

[2] Plaintiff lists his mailing address where he is "domiciled" as a post office in New York City, so it is further unclear what, if any, of the alleged conduct occurred in Minnesota.

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).